IN THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR MARION COUNTY, FLORIDA

STEVEN SANDT,

      Plaintiff,

vs.                                Case No.:

CAVALRY SPV I, LLC,

      Defendant.

_____/

## COMPLAINT

Plaintiff, STEVEN SANDT, by and through the undersigned attorney, alleges as follows:

### INTRODUCTION

1.      Since its effective date of 1978, the FDCPA remains intact today. Due to the alarming number of abusive and unfair debt collection practices by debt collectors, and the inadequacy of existing laws and procedures in place to protect consumers and redress injuries resulting from such practices, the FDCPA was created to eliminate such abusive practices and to protect consumers.

2.      Like its Federal counterpart, Florida created the FCCPA to curb "a series of abuses in the area of debtor-creditor relations." *LeBlanc*, 601 F.3d at 1191. It also was designed to protect a consumer's right to privacy. The FCCPA was created to work in tandem with the FDCPA, as evidenced by Fla. Stat. § 559.552, and in the event that any inconsistency arises between the two, "the provision which is more protective of the consumer or debtor shall prevail."

### JURISDICTION AND VENUE

3.      This is an action for damages which does not exceed $5,000, arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.,* and the Florida Consumer

Collection Practices Act ("FCCPA"), §559.201, Fla. Stat. *et seq.*, to obtain monetary civil penalties, and a trial by jury for Defendant's, CAVALRY SPV I, LLC, violations of the FDCPA and FCCPA.

4.    Venue is proper in Marion County because Plaintiff, STEVEN SANDT, lives and resides in this county and Defendant, CAVALRY SPV I, LLC, regularly engages in the practice of debt collection activities within this county.

## THE PARTIES

5.    At all times material hereto, Plaintiff, STEVEN SANDT ("SANDT"), has been a natural person residing in Marion County, Florida, and is a consumer as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, § 559.55(7), Fla. Stat.

6.    The term "consumer" as relied upon in this Complaint means any natural person obligated or allegedly obligated to pay any "debt", as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and by the FCCPA, § 559.55(6), Fla. Stat.

7.    At all times material hereto, Defendant, CAVALRY SPV I, LLC ("CAVALRY"), has been a for-profit foreign limited liability company doing business under the laws of the State of Florida.

8.    CAVALRY's principal place of business is 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595. CAVALRY has a registered agent in the State of Florida designated to receive legal service of process, named C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

9.    CAVALRY regularly uses the United States Postal Service and telephone in conducting its business, the principal purpose of which is the collection of debts, and is properly

characterized as a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, § 559.55(7), Fla. Stat.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

10.    Several years prior to the filing of this Action, SANDT obtained a consumer credit card from Citibank, N.A. (the "Original Creditor") for the purpose of purchasing items including food, clothing and household items (the "Account"), and incurred debt on said card.

11.    The debt was primarily for personal, family or household purposes, and is a "debt" under the FDCPA, 15. U.S.C. § 1692a(5) and the FCCPA, § 559.55(6), Fla. Stat.

12.    Pursuant to the Account's terms and conditions, SANDT was obligated to make at least minimum monthly payments towards the debt.

13.    SANDT's last monthly payment towards the debt was made on October 15, 2011. A copy of the monthly statement showing the date of the last payment is attached hereto as **Exhibit "A"**.

14.    On or about May 18, 2012, 183 days after SANDT's last payment, the Account was charged off by the Original Creditor.

15.    On or about June 27, 2016, Cavalry purchased the Account from the Original Creditor for the purpose of collecting the debt on the Account, and attempted to collect said debt through the U.S. Postal Service and telephone.

16.    On July 14, 2017, nearly six (6) years after SANDT's last monthly payment, CAVALRY, by and through the law firm of Hayt, Hayt & Landau, P.L., intentionally filed a collection lawsuit against SANDT in Marion County, Florida, styled *Cavalry SPV I, LLC v. Steven D. Sandt*, case number 17CC000688, to collect the debt (the "state lawsuit"), alleging the sole

theory of Account Stated. A copy of the lawsuit and its attachments are attached hereto as **Exhibit "B"**.

17.    In Florida, the statute of limitations applicable to a cause of action not founded on a written instrument is four (4) years under Section 95.11(3)(k) of the Florida Statutes.

18.    The claims alleged in the state lawsuit are not founded on a written instrument. *Farley v. Chase Bank, U.S.A., N.A.*, 37 So. 3d 936 (Fla. 4th DCA 2010).

19.    Under Florida law, the statute of limitations during which CAVALRY could lawfully institute legal action against SANDT to collect the debt expired on or about October 15, 2015.

20.    CAVALRY had actual knowledge that the state lawsuit was time-barred and would not be successful because the statute of limitations to collect the debt through legal action had expired prior to the date the lawsuit was filed.

21.    SANDT has suffered an invasion of a legally protected interest that is both concrete and particularized, resulting in both statutory and actual damages. Specifically, SANDT has been compelled to spend time and money appearing in and defending the state lawsuit and retaining counsel, and in that the unfounded lawsuit is a matter of public record.

**COUNT I**
**VIOLATION OF THE FDCPA**
**15 U.S.C. § 1692e**

22.    SANDT re-states and re-alleges paragraphs one (1) through twenty-one (21) above as if fully alleged herein.

23.    15 U.S.C. § 1692e of the FDCPA prohibits a debt collector from engaging in any false, deceptive, or misleading representation or means in connection with the collection of any debt, and provides in pertinent part:

- 4 -

§ 1692e.  False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)    The false representation of--

(A)    the character, amount, or legal status of any debt; . . .

(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .

24.    Federal circuit and district courts widely agree that the threatening and/or filing and prosecution of time-barred debts and/or lawsuits is a deceptive collection practice, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10). *Crawford v. LVNV Funding*, 758 F.3d 1254 (11th Cir. 2014); *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987); *Phillips v. Asset Acceptance*, LLC 36 F.3d 1076 (7th Cir. 2013).

25.    CAVALRY's practices alleged herein constitute violations of the FDCPA's prohibitions under 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

## COUNT II
## VIOLATION OF THE FDCPA
## <u>15 U.S.C. § 1692f</u>

26.    SANDT re-states and re-alleges paragraphs one (1) through twenty-one (21) above as if fully alleged herein.

27.    15 U.S.C. § 1692f prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.

28.    The threatening and/or filing and prosecution of time-barred lawsuits is an unfair collection practice, in violation of 15 U.S.C. § 1692f. *Crawford v. LVNV Funding*, 758 F.3d 1254

(11th Cir. 2014); *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987); *Phillips v. Asset Acceptance*, LLC 36 F.3d 1076 (7th Cir. 2013).

29.    BROWN alleges that ANDREU's practices alleged herein constitute a violation of the FDCPA's prohibitions under 15 U.S.C. § 1692f.

## COUNT III
## VIOLATION OF THE FCCPA
## § 559.72(9), Fla. Stat.

30.    SANDT re-states and re-alleges paragraphs one (1) through twenty-one (21) above as if fully alleged herein.

31.    § 559.72 of the FCCPA provides a comprehensive list of prohibited practices. Notably, the statute begins with the language, "[i]n collecting consumer debts, no person shall." The FCCPA's language encompasses a broader category of actors in attempting or collecting upon a debt from a consumer.

32.    Subsection (9) prohibits any person from claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist. *See* § 559.72, Fla. Stat.

33.    CAVALRY knew it did not have the right to collect the debt from SANDT through legal action at the time the state lawsuit was filed because the statute of limitations had expired.

34.    CAVALRY's practices alleged herein constitute violations of the FCCPA's prohibitions under § 559.72(9), Fla. Stat.

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

35.    Pursuant to 15 U.S.C. § 1692(k) of the FDCPA, the Court is authorized to award actual damages sustained by the Plaintiff as a result of any debt collector who fails to comply with

any provision of title 15 U.S.C. § § 1692 et seq., in addition to additional damages not exceeding $1,000.

36.    § 1692(k)(3) authorizes the court to award, in the case of any successful action to enforce, the costs of the action, together with reasonable attorney's fees as determined by the Court. Plaintiff seeks monetary civil penalties for damages sustained due to each of the violations of the FDCPA by the Defendant.

## CIVIL PENALTIES FOR VIOLATIONS OF THE FCCPA

37.    Section § 559.77 of the FCCPA authorizes the Court to award actual damages and for additional statutory damages, together with court costs and reasonable attorney's fees incurred by the Plaintiff. In addition, "recovery of statutory damages under the FCCPA is limited to $1,000 per defendant per adverse adjudication." *Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d 1125, 1130 (M.D. Fla. 2009).

## DEMAND FOR JURY TRIAL

SANDT, pursuant to Rule 1.430 of the Florida Rules of Civil Procedure, hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, SANDT, pursuant to 15 U.S.C. § 1692(k), Florida Statute § 559.77, and the Court's own equitable powers, respectfully requests that the Court:

A.    Declaratory judgment that Exhibit "B" violates the prohibitions of the FDCPA and FCCPA set forth above;

B.    Statutory damages pursuant to 15 U.S.C. §1692k and §559.77, Fla. Stat.;

C.    Actual damages pursuant to 15 U.S.C. §1692k and §559.77, Fla. Stat.;

- 7 -

D.    An award of costs and attorney fees pursuant to both 15 U.S.C. §1692k and §559.77, Fla. Stat.; and

E.    Such other and further relief as the Court may deem just and equitable.

Dated: October 26, 2017

THE POWER LAW FIRM
1802 North Alafaya Trail
Orlando, Florida 32826
Office: (407) 992-4407
Fax: (407) 917-9175
E-mail: eservice@yourlawpower.com

Bryan A. Dangler, Esq.
Florida Bar No.: 113671

# Exhibit A



ORIGINAL

# Exhibit B

Filing # 59042628 E-Filed 07/14/2017 02:51:21 PM

IN THE COUNTY COURT IN AND FOR
MARION COUNTY, FLORIDA
CASE NO:

CAVALRY SPV I, LLC, AS ASSIGNEE OF CITIBANK,
N.A./AT&T

                    Plaintiff,

vs.                                          COMPLAINT FOR DAMAGES

STEVEN D SANDT

                    Defendant(s)
_____/

COMES NOW the Plaintiff, CAVALRY SPV I, LLC, AS ASSIGNEE OF CITIBANK, N.A./AT&T, owner of the defaulted debt at issue, sue(s) the Defendant(s), STEVEN D SANDT and states as follows:

## COUNT I – ACCOUNT STATED

1. This action is within the jurisdictional limits of this court.

2. Defendant(s) is/are resident(s) of this county.

3. All conditions precedent have occurred.

4. Citibank, N.A./AT&T has assigned the chose in action and Plaintiff is the owner of the debt.

5. Before the institution of this action Citibank, N.A./AT&T and Defendant had business transactions between them and they agreed to the resulting balance for account number ending in 3333.

6. Citibank, N.A./AT&T rendered a statement of it to the Defendant and Defendant did not object to the statement.

7. The last payment made was on 09/29/2014.

WHEREFORE, Plaintiff demands judgment for $8,425.24 and court costs against Defendant(s).

                              HAYT, HAYT & LANDAU, P.L.
                              Attorneys for Plaintiff
                              7765 S.W. 87 Avenue, Suite 101
                              Miami, FL 33173
                              (305) 661-5660

                              BY: _____
                              Dana M. Stern Bar No: 0037092
                              Jason S. Dragutsky Bar No: 0757551
                              Jonathan D. Stern Bar No: 0070761
                              Lisa M Baker Bar No: 0062015

### DESIGNATION OF EMAIL ADDRESS
eservice@haytfla.com

Please understand that this is an attempt to collect a debt and any information we obtain will be used for that purpose.

                    Our File #: 332127

# AFFIDAVIT OF CLAIM

STATE OF NEW YORK            )
                            ) SS
COUNTY OF WESTCHESTER )

RE: Cavalry SPV I, LLC, as assignee of Citibank, N.A./AT&T

vs.

STEVEN D SANDT

I, Thomas Murphy, being duly sworn on oath, depose and say:

1.  I am employed by Cavalry Portfolio Services, LLC ("CPS").   CPS performs collection services for Cavalry SPV I, LLC ("Plaintiff"). I am an authorized agent for Plaintiff and am a competent person more than eighteen years of age.   I am authorized to make this affidavit for Plaintiff.

2.  I am familiar with the manner and method by which CPS and Plaintiff create and maintain business records pertaining to the Account as defined below.

3.  In the normal course of business, CPS and Plaintiff maintain computerized account records and documents for account holders.   CPS and Plaintiff maintain such records in the ordinary and routine course of business and it is their regular business practice to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence.

4.  I have access to and have reviewed the applicable records of CPS and Plaintiff as they relate to the Account, and I make this Affidavit based upon information from that review.   Information contained in those records reflects the following:

   a.  That the Account was purchased by Cavalry SPV I, LLC on or about 06/27/2016 from Citibank, N.A..   Prior to Cavalry SPV I, LLC's ownership of the account, the creditor was Citibank, N.A./AT&T.

   b.  That the Defendant, STEVEN D SANDT,   the account holder(s), opened an account on 02/05/2003, which account was charged off on 05/18/2012 (the "Account").

   c.  That as of 05/09/2017, the records of CPS and Plaintiff show that the defendant owed a balance of $8,425.24.

   d.  That the Defendant is not an infant or incompetent.

5.  Based on a review of the Department Of Defense database, the Defendant is not an active member of the United States Armed Forces.

6.  I certify under oath that to the best of my knowledge the above statements are true and correct.

Subscribed and sworn to before me on 06/06/2017

_____
Legal Administrator

_____
Notary Public, State of New York

FL-HAYT, HAYT AND LANDAU P.L
19888559

Eileen Fitzgerald
Notary Public - State of New York
No. 01FI6349490
Qualified in Westchester County
Commission Expires October 17, 2020



**at&t | Universal Card**

AT&T Universal Rewards Card
Charter Member

Minimum Payment Due:    New Balance:
**$1,065.54**    **$9,677.57**

Payment Due Date:
**01/15/2012**

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APRs may be increased up to the variable Penalty APR of 29.990%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance.

How To Reach Us
1-800-423-4343

Customer Service
PO BOX 6500
SIOUX FALLS, SD
57117-6500

citi

Account Activity
Nov 18-Dec 20, 2011
Account Number

Member Since 2003
STEVEN J CLANDT

| Account Summary | |
| --- | --- |
| Previous Balance | $9,384.75 |
| Payments | -$50.00 |
| Other Credits | -$50.00 |
| Purchases | +$50.00 |
| Cash Advances | +130.00 |
| Fees Charged | +$35.00 |
| Interest Charged | +$257.82 |
| New Balance | $9,677.57 |
| Past Due Amount | $0.00 |

| Fees | | |
| --- | --- | --- |
| Date | Description | Amount |
| 12/20 | LATE FEE - NOV PAYMENT PAST DUE | 35.00 |
| | TOTAL FEES FOR THIS PERIOD | 35.00 |

| Interest Charged | | |
| --- | --- | --- |
| Post | Description | Amount |
| 12/20 | INTEREST CHARGED TO STANDARD PURCH | 257.82 |
| | TOTAL INTEREST FOR THIS PERIOD | 257.82 |

| 2011 Totals Year-to-Date | |
| --- | --- |
| Total fees charged in 2011 | $375.00 |
| Total interest charged in 2011 | $3,002.88 |

**Categorized Purchase Activity**

| Air Travel | Auto Rental | Entertainment | Health Care | Lodging | Merchandise |
| --- | --- | --- | --- | --- | --- |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Miscellaneous | Organizations | Other Travel | Restaurants | Services | Vehicle Service |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

**Interest Charge Calculation**

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
| --- | --- | --- | --- |
| PURCHASES | | | |
| Standard Purch | 29.990% (V) | $9,909.17 (A) | $257.82 |
| ADVANCES | | | |
| Standard Adv | 29.990% (V) | $0.00 (D) | $0.00 |

©2011 AT&T and the AT&T logo are trademarks of AT&T Intellectual Property, licensed to Citigroup Inc.

1 of 2

AT&T UNIVERSAL CARD
PO BOX 9001037
LOUISVILLE, KY 40290-1037



**at&t | Universal Card**

**AT&T Universal Rewards Card**
Charter Member
You may pay all or part of your account balance at any time, or you must
pay, by the payment due date, at least the minimum payment due.

How to Reach Us
1-800-423-4343

Customer Service
PO BOX
SIOUX FALLS SD 57

Access your account online:
www.universalcard.com

Account Number **** **** **** 3333

citi

2 of 2



NOT ORIGINAL DOCUMENT

## at&t | Universal Card

**AT&T Universal Rewards Card**
Charter Member

citi

Member Since 2003

Account Activit
Apr 19–May 18,20

Account Number **** **** **** 3333

Minimum Payment Due:  New Balance:
**$11,095.26**          **$11,095.26**

Payment Due Date:
**06/15/2012**

How To Reach Us
1-800-945-8444

Customer Service
PO BOX
SIOUX FALLS

**Fees**
| Description | Amou |
| --- | --- |
| TOTAL FEES FOR THIS PERIOD | 0.0 |

**Interest Charged**
| Description | Amou |
| --- | --- |
| 05/18 | INTEREST CHARGED TO STANDARD PURCH | 270.0 |
| TOTAL INTEREST FOR THIS PERIOD | 270.0 |

**2012 Totals Year-to-Date**
| | |
| --- | --- |
| Total fees charged in 2012 | $140.00 |
| Total interest charged in 2012 | $1,277.69 |

**Categorized Purchase Activity**
| Air Travel | Auto Rental | Entertainment | Health Care | Lodging | Merchandise |
| --- | --- | --- | --- | --- | --- |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Miscellaneous | Organizations | Other Travel | Restaurants | Services | Vehicle Service |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

**Interest Charge Calculation**
Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
| --- | --- | --- | --- |
| **PURCHASES** | | | |
| Standard Purch | 29.990% (V) | $10,955.20 (D) | $270.02 |
| **ADVANCES** | | | |
| Standard Adv | 29.990% (V) | $0.00 (D) | $0.0C |

©2012 AT&T and the AT&T logo are trademarks of AT&T Intellectual Property, licensed to Citigroup Inc.

1 of 2

AT&T UNIVERSAL CARD
PO BOX 9001037
LOUISVILLE, KY 40290-9537





at&t | Universal Card

AT&T Universal Rewards Card
Charter Member

Minimum Payment Due:   New Balance:
$10,825.24          $10,825.24

Payment Due Date:
05/15/2012

How To Reach Us
1-800-946-8444

Customer Service
PO BOX
SIOUX FALLS

Account Number **** **** **** 3333

Member Since 2003

Account Activity
Mar 21-Apr 18, 20

citi

Account Number **** **** **** 3333

2012 Totals Year-to-Date

Total fees charged in 2012      $140.00
Total interest charged in 2012   $1,007.67

Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES | | | |
| Standard Purch | 29.990% (V) | $10,658.38 (D) | $253.95 |
| ADVANCES | | | |
| Standard Adv | 29.990% (V) | $0.00 (D) | $0.00 |

©2012 AT&T and the AT&T logo are trademarks of AT&T Intellectual Property, licensed to Citigroup Inc.

UNOFFICIAL DOCUMENT



citi





**at&t | Universal Card**

**AT&T Universal Rewards Card**
**Charter Member**

Your account is past due. Please pay the Minimum Payment Amount.
Remember, regular monthly payments will help establish a positive payment history
with us. If you have already sent us this payment, thank you.

**IMPORTANT NOTICE ABOUT YOUR ACCOUNT**

Effective July 1, 2011, Citibank (South Dakota), N.A., is merged into Citibank, N.A.

Citibank, N.A., which is located in Sioux Falls, South Dakota, is the new issuer of
your account. All references to Citibank (South Dakota), N.A., in your account
documentation, including your agreement, and in communications about your
account should be treated as references to Citibank, N.A.

**How to Reach Us**
1-800-423-4343

Access your account online:
www.accountonline.com

**Customer Service**
PO BOX 688906
SIOUX FALLS SD 57186-0006

Account Number **** **** **** 3333

citi

2 of 2





**at&t | Universal Card**

How to Reach Us
1-800-423-4343

Customer Service
PO BOX
SIOUX

Account Number **** **** **** 3333

citi

**AT&T Universal Rewards Card**
**Charter Member**

Interest Charge Calculation (continued)

| Type of Balance | Annual Percentage Rate (APR) | | Interest Charge |
|---|---|---|---|
| **ADVANCES** | | | |
| Standard Adv | 29.990% | (D) | $0.00 |

**IMPORTANT NOTICE ABOUT YOUR ACCOUNT**

Effective July 1, 2011, Citibank (South Dakota) N.A., is merged into Citibank, N.A.

Citibank, N.A. which is located in Sioux Falls, South Dakota, is the issuer of your account and references to Citibank (South Dakota) N.A. in your account documentation, including the Card Agreement, and in communications about your account should now be read to refer to Citibank, NA.

Any travel program provided by Citibank (South Dakota) N.A. is now provided by

2 of 2



INVALID DOCUMENT



**at&t | Universal Card**                                                    **citi**

**AT&T Universal Rewards Card**
Charter Member

Please be sure to allow time. If you submit your payment by mail, we suggest you mail it no later than 12/09/2011 to allow for enough time for regular mail to reach us.

2 of 2